# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41126
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR VELASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-673-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Velasquez appeals his guilty plea conviction for possession with intent to distribute five kilograms or more of cocaine, a controlled substance, and his above-guidelines sentence of 150 months of imprisonment. Velasquez argues that the factual basis was insufficient to support his guilty plea because the Government did not show that it would prove by a preponderance of the evidence that he knew the type of drug and drug quantity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involved in the 21 U.S.C. § 841(a)(1) offense. While recognizing that this court has previously held that the Government is not required to prove the defendant's knowledge of the type of drug and quantity involved in the offense, he contends that there has been an intervening Supreme Court decision, *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), that requires proof of intent with respect to all material elements of an offense. However, Velasquez acknowledges that this court in *United States v. Betancourt*, 586 F.3d 303, 309 (5th Cir. 2009), held that the broad rule announced in *Flores-Figueroa* did not apply to an offense under § 841 and correctly concedes that this issue is foreclosed by this court's precedent. *See United States v. Rodriguez*, 602 F.3d 346, 352 (5th Cir. 2010).

Second, Velasquez argues that the 150-month sentence of imprisonment is substantively unreasonable because it represents a clear error in the district court's judgment in balancing the sentencing factors that constituted an abuse of discretion. He asserts that the district court gave undue weight to what it perceived as his immediate return to drug trafficking when he needed extra money. He contends that a lesser sentence would have been sufficient and not greater than necessary in light of the sentencing factors.

This court reviews the substantive reasonableness of the sentence imposed for an abuse of discretion. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). Contrary to Velasquez's argument, the district court did not put undue weight on the fact that Velasquez returned to drug trafficking when he needed money. That factor was one, among many, considered by the district court, and it was a factor relevant to his personal history and characteristics. 18 U.S.C. § 3553(a). After considering the mitigating evidence presented by Velasquez and his counsel, the district court stated that the above-guidelines sentence was in response to the need to

No. 17-41126

protect the community from the danger of drug trafficking, the need to promote Velasquez's respect for the law in light of his violation of the terms of supervised release on two occasions and the commission of the instant offense just after completing that term of supervised release for a prior drug conviction, and the clear need to deter Velasquez from engaging in further criminal conduct.

In sum, the district court did not abuse its discretion in imposing the above-guidelines sentence. The court took into account the relevant factors, including the relevant § 3553(a) factors, it did not give significant weight to an improper factor, and its sentence does not represent a clear error of judgment by the district court in balancing the sentencing factors. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Accordingly, Velasquez's conviction and sentence are AFFIRMED.